IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARLIN E. JONES, | ) | 7:10CV5008 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LEGAL AID OF NEBRASKA, | ) | |
| DAVID M. PANTOS, Executive | ) | |
| Director of Legal Aid of Nebraska, | ) | |
| and JENNIFER GAUGHAN, | ) | |
| Director of Litigation for Legal Aid | ) | |
| of Nebraska, | ) | |
| | ) | |
| Defendants | ) | |

Plaintiff filed his Complaint in this matter on May 26, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.   **SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on May 26, 2010, against Legal Aid of Nebraska and two individual employees of Legal Aid of Nebraska. (Filing No. 1 at CM/ECF p. 1.) Plaintiff currently resides in North Platte, Nebraska. (*Id*.)

Condensed and summarized, Plaintiff alleges that Defendants violated the Legal Services Corporation Act, 42 U.S.C. § 2996, because they permitted a member of Nebraska Legal Aid to represent him even though they knew the member was incompetent and suffering from a mental disorder. (*Id*. at CM/ECF pp. 1, 3.) Due to

Defendants' negligence, Plaintiff suffered irreparable damages. (*Id*. at CM/ECF p. 5.) Plaintiff seeks $250,000.00 in monetary compensation. (*Id*.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.    DISCUSSION OF CLAIMS

As discussed above, Plaintiff brings this action pursuant to the Legal Services Corporation Act, 42 U.S.C. § 2996. (Filing No. 1 at CM/ECF p. 1.) However, the Legal Services Corporations Act does not authorize a private right of action. *Fultz v. Neighborhood Legal Servs.*, 654 F.Supp. 881, 886 (W.D. Pa. 1987).

Liberally construed, Plaintiff may have a state-law negligence claim.  Such a claim could be cognizable in this court under the diversity statute, if that statute is satisfied.  *See* 28 U.S.C. § 1332.  However, because it is clear that Plaintiff and all Defendants are Nebraska residents, there is no diversity of citizenship in this case.  *Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001)* (holding that "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant").  Accordingly, this court lacks subject matter jurisdiction over Plaintiff's claims and the Complaint must be dismissed.  However, because Plaintiff may have a state-law claim for negligence, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1.    Plaintiff's Complaint (filing no. 1) is dismissed without prejudice to reassertion in the proper forum.

2.    A separate judgment will be entered in accordance with this Memorandum and Order.

3.    All pending Motions are denied as moot.

DATED this 28th day of June, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.